

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:05-CR-127-L |
| SUNG BUM CHANG (1) | § | **(Supersedes indictment returned May 25, 2005)** |
| HYANG KYUNG CHANG (2) | § | |

## SUPERSEDING INDICTMENT

The Grand Jury Charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Superseding Indictment:

1. **Sung Bum Chang** was the owner of "Club Wa" in Coppell, Texas, also doing business as "WA Entertainment," and the owner of a residence located at 806 Greenway Drive, Coppell, Texas (hereinafter, "Chang residence").

2. **Hyang Kyung Chang** was the wife of **Sung Bum Chang**.

3. "M.J.Y." was a female Korean national, who was held in a condition of forced labor as a hostess at Club Wa.

4. "H.Y.J." was a female Korean national, who was held in a condition of forced labor as a hostess at Club Wa.

5. "J.S.L." was a female Korean national, who was held in a condition of forced labor as a hostess at Club Wa.

Superseding Indictment - Page 1

6. "E.M.L." was a female Korean national, who was held in a condition of forced labor as a hostess at Club Wa.

7. "G.H.H." was a female Korean national, who was held in a condition of forced labor as a hostess at Club Wa.

## Count One
### Conspiracy to Provide or Obtain Forced Labor
### [Violations of 18 U.S.C. § 371]

8. Beginning on or about December 13, 2004, and continuing through on or about April 26, 2005, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants **Sung Bum Chang** and **Hyang Kyung Chang** and others, known and unknown to the Grand Jury, did knowingly and willfully combine, confederate, conspire and agree with one another and others known and unknown to the grand jury to commit certain offenses against the United States, specifically, to willfully hold club workers in a condition of forced labor in violation of 18 U.S.C. § 1589.

### Object of the Conspiracy

9. The object of the conspiracy was to bring young Korean females into the United States and force them to work as club hostesses in the Dallas, Texas metropolitan area.

### Manner and Means of the Conspiracy

10. It was part of the conspiracy that the conspirators obtained young Korean females from recruiters who had fraudulently induced, recruited, enticed, and coerced

them to come to the United States from Korea to work as club hostesses.

11. It was further part of the conspiracy that after charging the women a substantial smuggling fee, the recruiters provided airline tickets, travel documents and/or instructions for the women to travel to the United States.

12. It was further part of the conspiracy that conspirators arranged to smuggle the young Korean females into the United States for the purpose of having them work as club hostesses.

13. It was further part of the conspiracy that conspirators caused the young Korean females to be transported great distances across the United States to the Dallas, Texas metropolitan area for the purpose of having them work as club hostesses.

14. It was further part of the conspiracy that conspirators harbored them in various dwellings, including but not limited to the Chang residence.

15. It was further part of the conspiracy that, while conspirators harbored the young Korean females, conspirators had them engage in work as club hostesses for the conspirators' own financial benefit at a club in the Dallas, Texas metropolitan area.

16. It was further part of the conspiracy that the conspirators used threats of serious harm and physical restraint; a scheme, plan, or pattern intended to cause the young Korean females to believe that they or another person would suffer serious harm or physical restraint; and the abuse or threatened abuse of the law and legal process, in order to force them to work in the club and to force them to earn money for the benefit of

the conspirators.

17. It was further part of the conspiracy that the conspirators prevented the women from leaving the conspirators' employ by insisting that the victims must first pay back their smuggling debt through deductions from their wages.

18. It was further part of the conspiracy that conspirators met the women when they arrived in the Dallas, Texas metropolitan area, took their passports, and forced them to execute contracts acknowledging their debt to the conspirators.

19. It was further part of the conspiracy that conspirators transported the women between the Chang residence and their club, "Club Wa," to work as hostesses. The women's responsibilities included serving drinks to the male patrons, keeping the male patrons company, and drinking as much liquor as possible, often to the point of severe intoxication. The conspirators maintained a strict atmosphere of fear and discipline by threatening to fine and fining the women excessive amounts, often greater than a day's pay, for minor infractions.

20. It was further part of the conspiracy that the conspirators restricted the women's freedom of movement, requiring them to obtain permission before leaving the Chang residence.

21. It was further part of the conspiracy that the conspirators used force and threats of force to prevent the women from leaving their service until the payment of their debt.

Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, within the Northern District of Texas and elsewhere, the defendants **Sung Bum Chang** and **Hyang Kyung Chang**, together with others known and unknown to the Grand Jury, committed and caused to be committed at least one of the following overt acts, among others:

22. On or about December 13, 2004, defendant **Sung Bum Chang** paid another club owner a fee for J.S.L., took possession of J.S.L.'s passport which he would keep until she paid her debt, and had J.S.L. execute a contract acknowledging her debt of $11,000 to him and requiring her to work for at least six months or the debt would double.

23. On or about December 13, 2004, defendant **Sung Bum Chang** paid another club owner a fee for E.M.L., took possession of E.M.L.'s passport which he would keep until she paid her debt, and had E.M.L. execute a contract acknowledging her debt of $17,000 to him and requiring her to work for at least six months or the debt would double.

24. On or about December 13, 2004, defendant **Sung Bum Chang** paid another club owner a fee for M.J.Y., took possession of M.J.Y.'s passport which he would keep until she paid her debt, and had M.J.Y. execute a contract acknowledging her debt of $12,000 to him and requiring her to work for at least six months or the debt would double.

25.     On or about December 19, 2004, defendant **Sung Bum Chang** arranged for G.H.H. to be transported from Los Angeles, California, to Coppell, Texas, paid the driver a fee, took possession of G.H.H.'s passport which he would keep until she paid her debt, and had G.H.H. execute a contract acknowledging her debt of $16,000 to him and requiring her to work for at least six months or the debt would double.

26.     In or about January 2005, defendant **Sung Bum Chang** arranged for H.Y.J. to be transported from Los Angeles, California, to Coppell, Texas, paid the driver a fee, took possession of H.Y.J.'s passport which he would keep until she paid her debt, and had H.Y.J. acknowledge her debt of $13,900 to him and requiring her to work for at least six months or the debt would double.

27.     In or about December 2004, and continuing until on or about April 26, 2005, defendants **Sung Bum Chang** and **Hyang Kyung Chang** housed the victims, dormitory style, in the Chang residence, required the victims to ask permission before leaving the premises, monitored their movements in person and via a seven-camera video surveillance system, and controlled their movements by shuttling the women back and forth between the Chang residence and work at Club Wa.

28.     Between in or about December 2004 and on or about April 26, 2005, the defendants **Sung Bum Chang** and **Hyang Kyung Chang** directed the victims to work as hostesses for six to seven days a week.

29.     Between in or about December 2004 and on or about April 26, 2005, the

defendants **Sung Bum Chang** and **Hyang Kyung Chang** collected and maintained control over most of the victims' earnings.

30. On or about December 2004, and on multiple occasions thereafter, defendant **Sung Bum Chang** warned the victims that they were not free to leave unless and until they had paid off the smuggling debt, as well as debts that the defendants claimed the workers owed for rent, food, utilities, and daily transport to the club.

31. On or about December 2004, and on multiple occasions thereafter, defendant **Sung Bum Chang** warned one or more of the victims that he would "sell" them to another club, in some instances in another state with worse working conditions, if they failed to work hard.

32. In or about February 2005, defendant **Sung Bum Chang** beat M.J.Y., in front of other women, after she tried to quit.

33. In or about February 2005, defendant **Sung Bum Chang** scolded H.Y.J. for attending church.

34. In or about February 2005, a Club Wa male employee of defendant **Sung Bum Chang** barred H.Y.J. from leaving through the front door of the Chang residence. As a result, H.Y.J. was forced to escape from the Chang residence by leaping from a second story window.

35. Between in or about February 2005 and in or about March 2005, after H.Y.J. escaped, defendant **Sung Bum Chang** made attempts to locate H.Y.J. in the

Korean community in the Dallas, Texas metropolitan area and have her returned to his custody.

In violation of 18 U.S.C. § 371.

Counts Two to Six
[18 U.S.C. § 1589 – Forced Labor; 18 U.S.C. § 1594(a) – Attempt]

Beginning on or about December 13, 2004, and continuing through on or about April 26, 2005, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants **Sung Bum Chang** and **Hyang Kyung Chang** and others known and unknown to the Grand Jury, aiding and abetting one another, willfully and knowingly did provide and obtain and attempted to provide and obtain the labor and services of another person by threats of serious harm to, and physical restraint against, that person and other persons; by means of a scheme, plan, and pattern intended to cause that person to believe that, if the person did not perform such labor or services, that person and other persons would suffer serious harm and physical restraint; and by means of the abuse or threatened abuse of the law and legal process; on or about the dates specified in the table below.

| Count | Victim | Dates |
|---|---|---|
| 2. | M.J.Y. | December 13, 2004 to April 26, 2005 |
| 3. | H.Y.J. | January 2005 to February 26, 2005 |
| 4. | J.S.L. | December 13, 2004 to April 26, 2005 |
| 5. | E.M.L. | December 13, 2004 to April 26, 2005 |
| 6. | G.H.H. | December 19, 2004 to April 26, 2005 |

In violation of Title 18, United States Code, Sections 1589, 1594(a), and 2.

**Superseding Indictment - Page 8**

<u>Count Seven</u>
Conspiracy to Conceal, Harbor and Shield Aliens from Detection
[Violations of 8 U.S.C. § 1324(a)(1)(A)(v)(I)]

The allegations set forth in paragraphs 10 through 35 are incorporated into this count of the Superseding Indictment.

Beginning on or about December 13, 2004, and continuing through on or about April 26, 2005, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants **Sung Bum Chang** and **Hyang Kyung Chang** and others known and unknown to the Grand Jury, did knowingly and willfully combine, confederate, conspire and agree with one another and others known and unknown to the Grand Jury to commit certain offenses against the United States, specifically to conceal, harbor, and shield from detection club workers, in any place, knowing and in reckless disregard of the fact that the workers had come to, entered and remained in the United States in violation of law, for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(i). The object of the conspiracy was to conceal, harbor, and shield from detection young Korean females who remained in the United States illegally in order for them to work as club hostesses in the Dallas, Texas metropolitan area.

In violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

Count Eight
Harboring Illegal Aliens for Commercial Advantage and Private Financial Gain
[Violations of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(B)(iii)]

Beginning on or about December 13, 2004, and continuing through on or about April 26, 2005, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants **Sung Bum Chang** and **Hyang Kyung Chang**, knowing and in reckless disregard of the fact that certain aliens had come to, entered and remained in the United States in violation of law, did knowingly and intentionally conceal, harbor and shield from detection such aliens in any place, including any building, for the purpose of commercial advantage and private financial gain. Moreover, during and in relation to this offense, defendant **Sung Bum Chang** beat M.J.Y., in front of other women, after she tried to quit in or about February 2005.

In violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(B)(iii).

Count Nine
Forfeiture Allegation
[18 U.S.C. § 982(a)(6)]

Upon conviction of any of the offenses alleged in Counts Seven and Eight of this Superseding Indictment, the defendants **Sung Bum Chang** and **Hyang Kyung Chang** shall forfeit to the United States the following pursuant to 18 U.S.C. § 982(a)(6):   (A)

Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the respective offense;

(B)    Any property, real or personal, that constitutes or is derived from or is

traceable to the proceeds obtained directly or indirectly from the commission of the respective offense; and

(C)   Any property, real or personal, used to facilitate, or intended to be used to facilitate, the commission of the respective offense.

The above-referenced property subject to forfeiture includes, but is not limited to, the following:

1. 2003 Mercedes ML 350, VIN 4JGAB57E43A432839, license plate V42MDF.

2. 2004 Lexus ES 330, VIN JTHBA030G845055484, license plate Z31BGW.

3. $5,560 in United States currency, seized on April 26, 2005.

4. Assorted electronic equipment, computers, computer equipment, and electronics, including a HP Pavilion ZX5000, a Celeron CPU, and a generic CPU.

Count Ten
Forfeiture Allegation
[18 U.S.C. § 1594(b)]

Upon conviction of any of the offenses alleged in Counts Two through Six of this Superseding Indictment, the defendants **Sung Bum Chang** and **Hyang Kyung Chang** shall forfeit to the United States the following pursuant to 18 U.S.C. § 1594(b):   (A) Any property, real or personal, used or intended to be used to commit or to facilitate the commission of the respective offense; and

(B)   Any property, real or personal, which constitutes or is derived from proceeds traceable to the respective offense.

**Superseding Indictment - Page 11**

The above-referenced property subject to forfeiture includes, but is not limited to, the following:

1. 2003 Mercedes ML 350, VIN 4JGAB57E43A432839, license plate V42MDF

2. 2004 Lexus ES 330, VIN JTHBA030G845055484, license plate Z31BGW

3. $5,560 in United States currency, seized on April 26, 2005.

4. Assorted electronic equipment, computers, computer equipment, and electronics, including a HP Pavilion ZX5000, a Celeron CPU, and a generic CPU.

A TRUE BILL

**REDACTED**

FOREPERSON

RICHARD B. ROPER
United States Attorney

BRADLEY J. SCHLOZMAN
Acting Assistant Attorney General
Civil Rights Division

_____
SARAH R. SALDAÑA
Assistant United States Attorney
Texas State Bar No. 05776775
1100 Commerce Street, Third Floor
Dallas, Texas  75242
214.659.8600
Facsimile: 214.767.4100

_____ 9/20/05
J. EVANS RICE III
Trial Attorney
Civil Rights Division
D.C. Bar No. 481768
950 Pennsylvania Ave., NW
Washington, DC 20530
202.616.3954

Superseding Indictment - Page 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

vs.

SUNG BUM CHANG (1)
HYANG KYUNG CHANG (2)

SUPERSEDING INDICTMENT

18 U.S.C. § 371
Conspiracy to Provide or Obtain Forced Labor

18 U.S.C. § 1589
Forced Labor

18 U.S.C. § 1594(a)
Attempt

8 U.S.C. § 1324(a)(1)(A)(v)(I)
Conspiracy to Conceal, Harbor and Shield Aliens from Detection

8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(B)(iii)
Harboring Illegal Aliens for Commercial Advantage
and Private Financial Gain

18 U.S.C. § 982(a)(6)
Forfeiture Allegation

18 U.S.C. § 1594(b)
Forfeiture Allegation

( 10 Counts)

A true bill rendered:

**REDACTED**

_____

DALLAS
Filed in open court this 21 day of Sept., A.D. 2005

_____ Clerk

DEFENDANT, SUNG BUM CHANG, on Pre-Trial Release.

\*\* WARRANT TO ISSUE FOR DEFENDANT, HYANG KYUNG CHANG

_____
MAGISTRATE
UNITED STATES ~~DISTRICT~~ JUDGE
Criminal Case No. 3:05-CR-127-L
Criminal Complaint Numbers 3:05-MJ-153, 3:05-MJ-154 and 3:05-MJ-155

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information | | |
|---|---|---|
| Superseding Indictment: __X__ Yes ___ No | New Defendant: ___ Yes __X__ No | |
| Pending CR Case in NDTX: __X__ Yes ___ No | If Yes, number: **3:05-CR-127-L** | |
| Search Warrant Case Number **3:05-MJ-153, 3:05-MJ-154** | | |
| R 20 from District of _____ | | |
| Magistrate Case Number **3:05-MJ-155** | | |

1. **Defendant Information**

   Juvenile:  ☐ Yes  ☒ No

   If Yes, Matter to be sealed:

   ☐ Yes  ☒ No

   Defendant Name    CHANG, SUNG BUM (1 of 2)
   Alias Name        _____
   Address           _____

   County in which offense was committed: Dallas

   *RECEIVED SEP 21 2005 CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS*

2. **U.S. Attorney Information**

   AUSA Sarah R. Saldana, 214-659-8719       Bar # TX 05776775

3. **Interpreter**

   ☒ Yes   ☐ No   If Yes, list language and/or dialect: Korean

4. **Location Status**

   Arrest Date _____

   ☐ Already in Federal Custody as of _____
   ☐ Already in State Custody
   ☒ ** On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: __10__   ☐ Petty  ☐ Misdemeanor  ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Provide or Obtain Forced Labor | 1 |
| 18 U.S.C. § 1589<br>18 U.S.C. § 1594(a) | Forced Labor<br>Attempt | 2-6 |
| 8 U.S.C. § 1324(a)(1)(A)(v)(I) | Conspiracy to Conceal, Harbor and Shield Aliens from Detection | 7 |
| 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(B)(iii) | Harboring Illegal Aliens for Commercial Advantage and Private Financial Gain | 8 |
| 18 U.S.C. § 982(a)(6) | Forfeiture Allegation | 9 |
| 18 U.S.C. § 1594(b) | Forfeiture Allegation | 10 |

Date  9-20-05       Signature of AUSA: _____
                                       SARAH R. SALDANA

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

|  | Related Case Information |
| --- | --- |
| Superseding Indictment: | __X__ Yes ___ No   New Defendant: __X__ Yes ___ No |
| Pending CR Case in NDTX: | __X__ Yes ___ No   If Yes, number. __3:05-CR-127-L__ |
| Search Warrant Case Number | __3:05-MJ-153, 3:05-MJ-154__ |
| R 20 from District of | |
| Magistrate Case Number | __3:05-MJ-155__ |

1. **Defendant Information**

   Juvenile: ☐ Yes  ☒ No

   If Yes, Matter to be sealed:

   ☐ Yes  ☒ No

   Defendant Name    __CHANG, HYANG KYUNG (2 of 2)__

   Alias Name   _____

   Address   _____

   County in which offense was committed:   _____

   *RECEIVED SEP 21 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS*

2. **U.S. Attorney Information**

   AUSA Sarah R. Saldana, 214-659-8719        Bar # __TX 05776775__

3. **Interpreter**

   ☒ Yes  ☐ No   If Yes, list language and/or dialect:   __Korean__

4. **Location Status**

   Arrest Date    __**Warrant to Issue**__

   ☐ Already in Federal Custody as of _____
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: __10__    ☐ Petty   ☐ Misdemeanor   ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   | --- | --- | --- |
   | 18 U.S.C. § 371 | Conspiracy to Provide or Obtain Forced Labor | 1 |
   | 18 U.S.C. § 1589<br>18 U.S.C. § 1594(a) | Forced Labor<br>Attempt | 2-6 |
   | 8 U.S.C. § 1324(a)(1)(A)(v)(I) | Conspiracy to Conceal, Harbor and Shield Aliens from Detection | 7 |
   | 8 U.S.C. § 1324(a)(1)(A)(iii),<br>(a)(1)(B)(i) and (a)(1)(B)(iii) | Harboring Illegal Aliens for Commercial Advantage and Private Financial Gain | 8 |
   | 18 U.S.C. § 982(a)(6) | Forfeiture Allegation | 9 |
   | 18 U.S.C. § 1594(b) | Forfeiture Allegation | 10 |

Date __9-20-05__        Signature of AUSA: _____
                                                SARAH R. SALDANA